IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH HICKMAN | § | |
| | § | |
| v. | § | C.A. NO. C-12-209 |
| | § | |
| ZENAIDA SILVA, ET AL. | § | |

## OPINION REGARDING PLAINTIFF'S MOTION TO COMPEL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending is plaintiff's motion to compel. (D.E. 21). Specifically, he complains about answers provided by defendant Julissa James to his request for admissions, id. at 5, and answers provided by defendant Zenaida Silva to his second requests for interrogatories. Id. at 7. Plaintiff's motion is granted in part and denied in part.

The Federal Rules of Civil Procedure provide a fairly broad scope for what is discoverable:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1); see also Chiasson v. Zapata Gulf Marine Corp., 988 F.2d 513, 515 (5th Cir. 1993) (discussing the significance of Rule 26(b)(1)).

In Request For Admission No. 1, plaintiff asks "Do you know why the 13th Court of Appeals found the Clerk's record to be defective." (D.E. 21, at 5). Defendants object to this

request: "Improper request for admission pursuant to the Federal Rules of Civil Procedure. Improper use of discovery and harassing. This is not a request for admission and Defendant cannot admit or deny." Id. Although the defendants' position that this request is harassing is unfounded, it is not a proper request for admission. Accordingly, plaintiff's motion to compel a response is DENIED.

In Request For Admission No. 2, plaintiff asks "Is this your signature above printed name Julissa James." Id. Defendants again object to this request: "Improper request for admission pursuant to the Federal Rules of Civil Procedure. Improper use of discovery and harassing. This is not a request for admission and Defendant cannot admit or deny." Id. A party can seek an admission from an opposing party that a signature on a document was that opposing party's signature. See Bruce v. McClure, 220 F.2d 330, 336 (5th Cir. 1955); In the Matter of Stafos, 666 F.2d 1343, 1346 (10th Cir. 1981) ("Stafos filed a pleading in response to a request for admissions and admitted his signature to the February 1967 financial statement"). The request simply seeks an answer to whether defendant James signed a document. Accordingly, plaintiff's motion to compel a response is GRANTED.

In Request For Admission No. 3, plaintiff asks "Have you ever signed your name with the last name of Deleon." Defendants again object to this request: "Improper request for admission pursuant to the Federal Rules of Civil Procedure. Improper use of discovery and harassing. This is not a request for admission and Defendant cannot admit or deny." (D.E. 21, at 5). It is difficult to understand how this request is harassing. Moreover, it is harder to believe that defendant James cannot answer whether she has ever signed her last name as Deleon. Accordingly, plaintiff's motion to compel a response is GRANTED.

In Request For Admission No. 4, plaintiff asks "Is this your signature signed on the 2-5-10 Clerks' Stamp." Defendants again object to this request: "Improper request for admission pursuant to the Federal Rules of Civil Procedure. Improper use of discovery and harassing. This is not a request for admission and Defendant cannot admit or deny." Id. A party can seek an admission from an opposing party that a signature on a document was that opposing party's signature. See Bruce, 220 F.2d at 336; Stafos, 666 F.2d at 1346. The request simply seeks an answer to whether defendant James signed a document. Accordingly, plaintiff's motion to compel a response is GRANTED.

Regarding the second set of interrogatories served on defendant Silva, plaintiff objects to the response to the third interrogatory. He asks "The stamp of the Bee County Clerk's office in the Final Judgment from Case No. B-10-1415-0-CV-A, Hickman v. T.B.C.J. (front page stamp) has Deputy crossed out. Who signed this judgment." (D.E. 21, at 7). Defendants object to this interrogatory: "Confusing, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence. Subject to the objection and without waiving the same: There is no stamp from the Bee County Clerk's Office in the Final Judgment. There is only the file stamp from the District Clerk's office. Zenaida Silva, the District Clerk, signed it." Id. Plaintiff quibbles with the veracity of the response. Id. at 2. He does not explain why the response is untrue. Nonetheless, that is not a basis for a motion to compel. Moreover, he asserts that defendants have failed to comply with Rule 33(b)(3) regarding answering each interrogatory. However, defendants objected and then provided an answer consistent with Rule 33(b)(4). Moreover, their attorney signed the pleading consistent with Rule 33(b)(4). Accordingly, plaintiff's motion to compel a response regarding the interrogatory is DENIED.

3

Accordingly, Plaintiff's motion to compel, (D.E. 21), is GRANTED in part and DENIED in part consistent with this Opinion.  Defendants are ORDERED to produce these responses addressed in this Opinion no later than October 31, 2012.

ORDERED this 17th day of October 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE